```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL WANG,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       TO SHOW CAUSE
                                        18-CV-2154(JS)(ARL)
STATE OF NEW YORK; STONY BROOK
UNIVERSITY HOSPITAL; OFFICE OF
PROFESSIONAL MEDICAL CONDUCT; NEW
YORK STATE DEPARTMENT OF HEALTH;
OFFICE OF NEW YORK STATE ATTORNEY
GENERAL; SUSAN M. CONNOLLY,
ASSISTANT ATTORNEY GENERAL OF NEW
YORK STATE; LORI L. PACK, ASSISTANT
ATTORNEY GENERAL OF NEW YORK STATE;
TONI E. LOGUE, ASSISTANT ATTORNEY
GENERAL OF NEW YORK STATE; EDUCATION
COMMISSION FOR FOREIGN MEDICAL
GRADUATES; UNITED STATES MEDICAL
LICENSE EXAMINATION SECRETARIAT;
and MORGAN, LEWIS & BOCKI[U]S,[1]

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Michael Wang, pro se
                    5 Patriot Court
                    Stony Brook, NY 11790

For Defendants:     No appearances.

SEYBERT, District Judge:
```

On April 11, 2018, pro se plaintiff Michael Wang ("Plaintiff") filed another Complaint pursuant to 42 U.S.C. §§ 1981 ("Section 1981"), 1983 ("Section 1983"), 1985 ("Section 1985"), and 1986 ("Section 1986"), and Title VII of the Civil Rights Act of 1964, as codified, ("Title VII"), as codified in 42 U.S.C.

---

[1] The Clerk of the Court is directed to update the docket to correctly reflect all the defendants listed in the caption.

§§ 2000e, accompanied with an application to proceed in forma pauperis. On May 14, 2018, Plaintiff filed a Motion ("Motion") for a Settlement Conference. (See Mot., Docket Entry 6.)

Plaintiff's application to proceed in forma pauperis, (Docket Entry 2), is GRANTED. However, for the reasons set forth below, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given the dismissal of the Complaint, the Motion is DENIED.

BACKGROUND

Plaintiff is no stranger to this Court.[2] This is

---

[2] Since 2002, Plaintiff has filed seven (7) in forma pauperis Complaints relating to the same facts and against many of the same Defendants. All of the prior cases have been dismissed. See Wang v. State Univ. of N.Y. at Stony Brook, et al., 470 F. Supp. 2d 178 (E.D.N.Y. 2006) (granting Defendants' summary judgment motions and dismissing claims in their entirety), aff'd 217 F. App'x 24 (2d Cir. 2007); Wang v. Office of Prof'l Med. Conduct, et al., 05-CV-0845, Mem. & Order dated Feb. 23, 2006 (granting Defendants' motions to dismiss) aff'd in part and vacated in part by 06-1092, 06-1158 (2d Cir. Mar. 28, 2007) and dismissed on remand by Mem. & Order dated Dec. 7, 2007, aff'd by Mandate (2d Cir. Jan. 4, 2010); Wang v. U.S. Med. License Examination Secretariat, 05-CV-1861, Mem. & Order dated Feb. 23, 2006 (granting Defendants' motions to dismiss), aff'd by Mandate, 06-CV-1084 (2d Cir. Jan. 23, 2007); Wang v. Educ. Comm'n for Foreign Med. Graduates, 05-CV-1862, 2009 WL 3083527 (E.D.N.Y. Sept. 17, 2009) (granting Defendant's summary judgment motion and dismissing claims in their entirety); Wang v. Logue, 08-CV-0383, 2009 WL 8711620 (E.D.N.Y. Jun. 10, 2009) (sua sponte dismissing complaint with prejudice for failure to allege a plausible claim for relief); Wang v. Miller, et al., 09-CV-0183, aff'd 356 F. App'x 516, 518 (2d Cir. 2009) (affirming dismissal of the complaint and "reinforc[ing] the District Court's warning to Wang regarding duplicative lawsuits. . . . We join the District Court in cautioning Wang that since his repeated filings relate to

2

Plaintiff's seventh civil action challenging his discharge from his medical residency training at Stony Brook University Hospital (the "University") in 2001. Like his earlier complaints, Plaintiff, who is of Asian descent born in the People's Republic of China, was a medical resident until the University terminated his residency in or about 2001, allegedly because there were some questions regarding Plaintiff's medical credentials. (Compl., Docket Entry 1, at 3-5.)

In May 2004, the Education Commission for Foreign Medical Graduates ("ECFMG") revoked Plaintiff's ECFMG Certificate. (Compl. at 6-7.) At some point, the University reported to the New York State Department of Health, Office of Professional Medical Conduct ("OPMC") that Plaintiff had fraudulently practiced medicine. (Compl. at 6.) The OPMC then reported the alleged fraud to the National Practitioner Data Bank, which prevented Plaintiff from obtaining a medical position. (Compl. at 6.)

Plaintiff subsequently filed numerous lawsuits against various entities, including the University, OPMC, and ECFMG. See Wang v. State Univ. of N.Y. Health Sciences Ctr. at Stony Brook,

---

similar facts and issues, some of which have already been dismissed with prejudice, further filings of any complaint or any appeal based on the same facts and issues may result in the issuance of an order prohibiting Wang from filing any future lawsuits in this Court without first obtaining leave of the Court. Failure to abide by the terms of this Order, or that of the District Court, could result in the imposition of sanctions.").

3

02-CV-5840(JS)(ARL); Wang v. Office of Prof'l Medical Conduct, N.Y. State Dep't of Health, 05-CV-0845 (JS)(ARL); Wang v. Educ. Comm'n for Foreign Med. Graduates, 05-CV-1862 (JS)(ARL). Plaintiff also filed two complaints against defendant Toni E. Logue ("Logue"), Assistant Attorney General of New York State. See Wang v. Logue, 08-CV-0383(JS)(ARL) and Wang v. Miller, et al., 09-CV-0183(JS)(ARL) (the "Logue Complaints"). In the Logue Complaints, Plaintiff alleged that Logue, who represented OPMC in Plaintiff's earlier actions, made false statements regarding Plaintiff's qualifications to practice medicine. The first Logue Complaint was dismissed with prejudice for failure to state a claim and on immunity grounds. The second Logue Complaint was dismissed with prejudice as barred by res judicata. (See Feb. 1, 2009 Mem. & Order in 09-CV-0183(JS)(ARL), Docket Entry 6, (the "Order" (a copy of the Order is annexed hereto)). The Order also included a warning to Plaintiff that a filing injunction may be imposed if he continues the repeated filing of complaints that relate to similar facts and issues. (See Order at 9-10.) The Order cautioned Plaintiff that, if he continues this course of conduct, the Court may issue an "order prohibiting him from filing any future lawsuits in this Court without first obtaining leave of Court." (Order at 10.) The Court further ordered that Plaintiff "must annex a copy of this Order to any complaint, petition, or pleading he seeks to file in the United States District Court for the Eastern District of New

4

York henceforth." (Order at 10.) Plaintiff was also warned that his "failure to abide by the terms of this Order could result in the imposition of sanctions." (Order at 10.)

Undeterred, on April 11, 2018, Plaintiff filed his seventh Complaint concerning these issues and, notwithstanding the Court's clear instruction, Plaintiff did not annex a copy of the Order to his most recent Complaint.

### The Seventh Complaint

Like Plaintiff's earlier complaints, the Seventh Complaint also seeks to challenge his 2001 dismissal from the University residency training program. Plaintiff again claims that the University, Logue, and OPMC "conspired to deprive plaintiff [his] right to seek employment. OPMC reported falsely to National Dat[a] Bank that [plaintiff] had practice medicine fraud. . . ." (Seventh Compl. at 7.) Plaintiff further alleges that, in June 2004, "co-conspirator SUNY, Logue, and ECFMG conspired to deprive [plaintiff's] right to have medical education. ECFMG illegally revoked [plaintiff's] ECFMG[ ] Certificate." (Seventh Compl. at 7.) Given that Plaintiff seeks to relitigate claims already decided by the Court, see supra at 3-4, Plaintiff's Seventh Complaint is again precluded by the doctrines of res judicata and collateral estoppel for the reasons that follow.

### DISCUSSION

I. In Forma Pauperis Application

5

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The

6

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A. Res Judicata and Collateral Estoppel

Notwithstanding the liberal construction afforded to pro se pleadings, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel limit such review. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel).

Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action. See, e.g., Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767, 772 (1979). Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) (internal quotation marks and citations omitted). A district court has not only the power but the obligation to dismiss complaints sua

7

sponte on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449; Krepps v. Reiner, 377 F. App'x 65, 66-67 (2d Cir. 2010) (Courts have the authority to raise res judicata issues sua sponte).

Similarly, "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). Additionally, the doctrines of res judicata and collateral estoppel apply to pro se litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002).

Here, as is readily apparent, Plaintiff's claims against Defendants arise out of the same nucleus of facts that he alleged in his six prior federal complaints. In fact, his claims here are exactly the same as the claims he brought in 2002, 2005, 2008 and 2009, which were all dismissed with prejudice on the merits. Because a final judgment on the merits of a case will bar any subsequent litigation by the same parties concerning the transaction out of which the first action arose, Plaintiff's claims cannot proceed. Accordingly, the federal claims are precluded and the Complaint is DISMISSED WITH PREJUDICE pursuant to

28 U.S.C. §1915(e)(2)(B)(ii).

III. <u>The All Writs Act</u>

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." <u>MLE Realty Assocs. v. Handler</u>, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. <u>See</u> <u>Malley v. N.Y. City Bd. of Educ.</u>, 112 F.3d 69 (2d Cir. 1997) (<u>per</u> <u>curiam</u>) (filing injunction may issue if numerous complaints filed are based on the same events); <u>In re Martin-Trigona</u>, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. <u>Moates v. Barkley</u>, 147 F.3d 207, 208 (2d Cir. 1998) (<u>per</u> <u>curiam</u>).

Plaintiff's instant action, together with docket numbers 02-CV-5840, 05-CV-0845, 05-CV-1861, 05-CV-1862, 08-CV-0383, and 09-CV-0183, suggest that Plaintiff may file a new action again relating to his 2004 dismissal from the University residency training program. Plaintiff's continued filing of <u>in</u> <u>forma</u>

pauperis complaints relating to this issue constitutes an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks and citation omitted) (brackets omitted).

The Court is especially cognizant of Plaintiff's pro se status and has considered his Complaint in as positive light as possible. Nonetheless, the Court again warns Plaintiff that similar, future complaints will not be tolerated.

Given Plaintiff's litigation history, together with the fact that he has been warned that his continued filing of complaints relating to his 2004 dismissal from the University residency training program may lead to the entry of an order barring the acceptance of any future complaint based on such claims without first obtaining leave of Court to do so, the Court now ORDERS PLAINTIFF TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY NEW COMPLAINT RELATING TO HIS 2004 DISMISSAL FROM THE UNIVERSITY RESIDENCY TRAINING PROGRAM SHOULD NOT BE ENTERED. Plaintiff is advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from

filing any new complaint relating to his 2004 dismissal from the UNIVERSITY residency training program and Court will direct the Clerk of the Court to return to Plaintiff, without filing, any such action.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should he file another action challenging the termination of his employment with Defendant, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11. The Clerk of the Court is DIRECTED to mail a copy of this Order to Show Cause to Plaintiff at his last known address and to docket proof of such service.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis, (Docket Entry 2), is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given the dismissal of the Complaint, the Motion, (Docket Entry 6), is DENIED. Plaintiff is ORDERED TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY NEW COMPLAINT RELATING TO HIS 2004 DISMISSAL FROM THE UNIVERSITY RESIDENCY TRAINING PROGRAM SHOULD NOT BE ENTERED. Plaintiff is advised that failure to file

11

an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any new complaint against Defendant relating his 2004 dismissal from the residency training program and the Court will direct the Clerk of the Court to return to Plaintiff, without filing, any such action. Plaintiff is cautioned that, should he file another action his 2004 dismissal from the SUNY residency training program, it is within the Court's authority to consider imposing sanctions upon him pursuant to Federal Rule of Civil Procedure 11.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

As noted supra n.1, the Clerk of the Court is directed to update the docket to correctly reflect all the defendants listed in the caption.

The Clerk of the Court is DIRECTED to mail a copy of this Order to Show Cause to Plaintiff at his last known address and to file proof of such service with the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __11__, 2018
      Central Islip, New York