```
                                              FILED
                                          IN CLERK'S OFFICE
                                     U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              ★  IJUN 21 2018  ★
----------------------------------X
MICHAEL WANG,                             LONG ISLAND OFFICE

                  Plaintiff,
                                          FILING INJUNCTION ORDER
          -against-                       18-CV-2154(JS)(ARL)

STATE OF NEW YORK; STONY BROOK
UNIVERSITY HOSPITAL; OFFICE OF
PROFESSIONAL MEDICAL CONDUCT; NEW
YORK STATE DEPARTMENT OF HEALTH;
OFFICE OF NEW YORK STATE ATTORNEY
GENERAL; SUSAN M. CONNOLLY,
ASSISTANT ATTORNEY GENERAL OF NEW
YORK STATE; LORI L. PACK, ASSISTANT
ATTORNEY GENERAL OF NEW YORK STATE;
TONI E. LOGUE, ASSISTANT ATTORNEY
GENERAL OF NEW YORK STATE; EDUCATION
COMMISSION FOR FOREIGN MEDICAL
GRADUATES; UNITED STATES MEDICAL
LICENSE EXAMINATION SECRETARIAT;
and MORGAN, LEWIS & BOCKI[U]S,

                  Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:    Michael Wang, pro se
                  5 Patriot Court
                  Stony Brook, NY 11790

For Defendants:   No appearances.

SEYBERT, District Judge:

By Memorandum and Order dated June 11, 2018 (the "Order"), the Court granted the application of pro se plaintiff Michael Wang ("Plaintiff") to proceed in forma pauperis, dismissed the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied Plaintiff's Motion for a Settlement Conference. (See Order, Docket Entry 7.) Because Plaintiff has filed seven

(7) in forma pauperis Complaints relating to the same facts - - his discharge from his medical residency training at Stony Brook University Hospital ("University") 2004 - - and against many of the same Defendants[1], and each having been dismissed, the Court directed Plaintiff to show cause, in writing, within thirty (30) days, why he should not be enjoined from filing any new action

---

[1] See Wang v. State Univ. of N.Y. at Stony Brook, et al., 470 F. Supp. 2d 178 (E.D.N.Y. 2006) (granting Defendants' summary judgment motions and dismissing claims in their entirety), aff'd 217 F. App'x 24 (2d Cir. 2007); Wang v. Office of Prof'l Med. Conduct, et al., 05-CV-0845, Mem. & Order dated Feb. 23, 2006 (granting Defendants' motions to dismiss) aff'd in part and vacated in part by 06-1092, 06-1158 (2d Cir. Mar. 28, 2007) and dismissed on remand by Mem. & Order dated Dec. 7, 2007, aff'd by Mandate (2d Cir. Jan. 4, 2010); Wang v. U.S. Med. License Examination Secretariat, 05-CV-1861, Mem. & Order dated Feb. 23, 2006 (granting Defendants' motions to dismiss), aff'd by Mandate, 06-CV-1084 (2d Cir. Jan. 23, 2007); Wang v. Educ. Comm'n for Foreign Med. Graduates, 05-CV-1862, 2009 WL 3083527 (E.D.N.Y. Sept. 17, 2009) (granting Defendant's summary judgment motion and dismissing claims in their entirety); Wang v. Logue, 08-CV-0383, 2009 WL 8711620 (E.D.N.Y. Jun. 10, 2009) (sua sponte dismissing complaint with prejudice for failure to allege a plausible claim for relief); Wang v. Miller, et al., 09-CV-0183, aff'd 356 F. App'x 516, 518 (2d Cir. 2009) (affirming dismissal of the complaint and "reinforc[ing] the District Court's warning to Wang regarding duplicative lawsuits. . . . We join the District Court in cautioning Wang that since his repeated filings relate to similar facts and issues, some of which have already been dismissed with prejudice, further filings of any complaint or any appeal based on the same facts and issues may result in the issuance of an order prohibiting Wang from filing any future lawsuits in this Court without first obtaining leave of the Court. Failure to abide by the terms of this Order, or that of the District Court, could result in the imposition of sanctions.").

2

relating to this subject matter without first obtaining leave of Court. (Order at 10-11.)[2]

On June 19, 2018, Plaintiff timely filed a four page, unsworn submission entitled "Affidavit to Show Cause & Motion." (See Aff., Docket Entry 9.) Although provided an opportunity to be heard, nothing in Plaintiff's response, even when liberally construed, addresses why he should not be barred from filing any new action relating to his 2004 dismissal from the University residency training program without first obtaining permission to

---

[2] On June 13, 2018, Plaintiff filed a "Notice of Interlocutory Appeal" of the Order together with an application to appeal in forma pauperis. (Docket Entry No. 8.) Although Plaintiff seeks to appeal "each and every part [of] the document as well as from the whole", he has not included any "issues that the party intends to present on appeal" as Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure requires. Moreover, the Order from which Plaintiff's seeks an interlocutory appeal is not specified in 28 U.S.C. § 1292(a). Given that Plaintiff's interlocutory appeal is procedurally improper, his filing of an interlocutory appeal does not divest this Court of subject matter jurisdiction and the case may proceed. See, e.g., Holmes v. National Broadcasting Co., 133 F.3d 907 (2d Cir. 1997) (unpublished opinion) (appeal of a collateral order assessing sanctions against a party does not divest the district court of jurisdiction over questions not raised and decided in the collateral order); Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir. 1996); see also Gortat v. Capala Bros., Inc., 07-CV-3629, 2008 WL 5273960, *1 (E.D.N.Y. Dec. 18, 2008) ("A district court may ignore an appeal from a non-appealable order and proceed to exercise jurisdiction over a case"); Hoffenberg v. U.S., 00-CV-1686, 2004 WL 2338144, *2 (S.D.N.Y. Oct. 18, 2004) ("Where, however, a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court").

file, and, instead appears to seek reconsideration of the dismissal of his Complaint.

I. <u>Reconsideration</u>

Insofar as Plaintiff argues the merits of his claims in his Affidavit, the Court liberally construes the submission to seek reconsideration the Order. Plaintiff's request for reconsideration of the Order is DENIED. Plaintiff points to no matters or controlling decisions that the Court allegedly overlooked nor does he provide any other proper basis for this Court to grant reconsideration. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Indeed, the Second Circuit instructs that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted); <u>accord</u> <u>United States v. Bank of N.Y.</u>, 14 F.3d 756, 759 (2d Cir. 1994). In addition, Local Civil Rule 6.3 provides that a party moving for reconsideration

must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." See LOCAL CIV. R. 6.3. Accordingly, because Plaintiff's submission falls far short of establishing a proper basis for relief from the Order, to the extent Plaintiff seeks reconsideration of the Order, such request is DENIED. See FED. R. CIV. P. 59(e), 60(b) and LOCAL CIV. R. 6.3.

II. Litigation Bar

For the reasons set forth above and in the Order, it is now ORDERED that: (1) Plaintiff is ENJOINED from filing any new action in this Court relating to his 2004 dismissal from the University residency training program without first seeking leave of Court; (2) the Clerk of the Court is DIRECTED to return to Plaintiff, without filing, any new action relating his 2004 dismissal from the University residency training program if it is received without a separate application seeking leave to file; (3) if Plaintiff seeks leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiff leave to file the new action and it shall be assigned a civil docket number; and (4) if leave to file is denied, Plaintiff's submission shall be filed on the

Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiff is WARNED that the continued submission of frivolous civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. 28 U.S.C. § 1651(a); Malley v. Corp. Counsel of the City of N.Y., 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on pro se litigant for filing repetitive, frivolous complaints).

Although nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

## CONCLUSION

To the extent Plaintiff seeks reconsideration of the Order, reconsideration is DENIED. The Court now enters a Filing Injunction ENJOINING Plaintiff from filing any new action in this Court against Defendant relating to his 2004 dismissal from the University residency training program without first seeking leave

of Court. The Clerk of the Court is DIRECTED to return to Plaintiff, without filing, any new action relating to his 2004 dismissal from the University residency training program if it is received without a separate application seeking leave to file. If Plaintiff seeks leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiff leave to file the new action and it shall be assigned a civil docket number. If leave to file is denied, Plaintiff's submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiff is WARNED that the continued submission of frivolous and repetitive civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is DIRECTED to mail a copy of this Order to Plaintiff at his last known address and to mark this

case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
_____
Joanna Seybert, U.S.D.J.

Dated: June 21, 2018
       Central Islip, New York